# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Roland Olsen | True Talent Advisory LLC<br>True Capital Partners LLC |
| **(b)** County of Residence of First Listed Plaintiff    Montgomery County<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Camden County<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Caren N. Gurmankin, Esq., Console Mattiacci Law,<br>1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.; N.J.S.A. 10:5-1, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/19/2024 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | |
| **ROLAND OLSEN** : | |
| **Collegeville, PA 19426** : | **CIVIL ACTION NO.** |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | |
| **TRUE TALENT ADVISORY LLC** : | |
| **56 N. Haddon Avenue, First Floor** : | |
| **Haddonfield, NJ 08033** : | **JURY TRIAL DEMANDED** |
| : | |
| **and** : | |
| : | |
| **TRUE CAPITAL PARTNERS LLC** : | |
| **56 N. Haddon Avenue, First Floor** : | |
| **Haddonfield, NJ 08033** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## <u>COMPLAINT</u>

### I.   <u>INTRODUCTION</u>

Plaintiff, Roland Olsen, brings this action against his former employers, True Talent Advisory, LLC and True Capital Partners LLC ("Defendants").  Defendants terminated Plaintiff's employment when he was fifty-seven (57) years old and after about twenty-two (22) years of employment with Defendants and their predecessor company. Defendants' discriminatory conduct violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").  Plaintiff seeks damages, including compensatory, liquidated and punitive damages and all other relief this Court deems appropriate.

## II.    **PARTIES**

1.    Plaintiff, Roland Olsen, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Collegeville, PA.

2.    Plaintiff was fifty-seven (57) years of age at the time that Defendants terminated his employment.

3.    Defendant, True Talent Advisory LLC, is a Delaware corporation with a principal place of business at 56 N. Haddon Avenue, First Floor, Haddonfield, NJ 08033.

4.    Defendant, True Capital Partners LLC, is a New Jersey corporation with a principal place of business at 56 N. Haddon Avenue, First Floor, Haddonfield, NJ 08033.

5.    Defendants are engaged in an industry affecting interstate commerce and regularly do business in the state of New Jersey.

6.    At all times material hereto, Defendants employed more than twenty (20) employees.

7.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

8.    At all times material hereto, Defendants acted as employers within the meanings of the statutes which form the basis of this matter.

9.    At all times material hereto, Plaintiff was an employee of Defendants within the meanings of the statutes which form the basis of this matter.

10.    Plaintiff was paid by Defendant True Capital Partners LLC.

**III.    JURISDICTION AND VENUE**

11.    The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

12.    The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

13.    The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Defendants are not citizens of the Commonwealth of Pennsylvania.

14.    The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367.

15.    Venue is proper in the District Court under 28 U.S.C. §1391(b).

16.    On or about January 18, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

17.    On or about June 24, 2024, the EEOC issued to Plaintiff the Notice of Right to Sue.  Attached hereto and marked as Exhibit "2" is a true and correct copy of the EEOC Notice of Right to Sue (with minor redactions for purposes of electronic filing of confidential/identifying information).

18.    Plaintiff has fully complied with all administrative prerequisites for the

commencement of this action.

## IV.    <u>FACTUAL ALLEGATIONS</u>

19.    Plaintiff was hired by Defendants' predecessor on or about August 30, 2001.  He became an employee of Defendants in or about December 2021 when they acquired the predecessor company.

20.    As of the time of his termination, Plaintiff reported directly to Andy Towne, Partner and Co-Head of Defendants' Climate Tech Practice.

21.    Plaintiff consistently performed his job in a highly competent manner.

22.    On or about September 23, 2023, Josh Withers, Founder and General Manager, Platform and North America Search Operations, informed Plaintiff that Defendants were laying him off.

23.    When Plaintiff asked Withers why he had been selected for termination, Withers said that Plaintiff was one of the bottom performers based on a survey that Defendants had conducted.

24.    Plaintiff asked Withers to see the survey results that Withers referenced.  Withers told Plaintiff that he did not know if he could share the survey results with Plaintiff, but that he would make a note of Plaintiff's request.

25.    Withers told Plaintiff that he was a "bottom" performer.

26.    Withers did not give Plaintiff details regarding his allegation that Plaintiff was a "bottom" performer.

27.    When Plaintiff asked Withers whether there was any other reason for his termination other than the survey that Withers referenced, he said that there was not.

28.    Prior to Defendants telling Plaintiff that he was being terminated, no one

had discussed with him concerns regarding his sales performance.

29.    To Plaintiff's information and belief, his sales performance in 2022 and 2023 exceeded that of younger partners whom Defendants did not terminate.

30.    To Plaintiff's information and belief, his accounts were reassigned to younger partners.

31.    To Plaintiff's information and belief, around the time of his termination, a member of Defendants' management team encouraged an older partner to negotiate a severance package and leave his employment at Defendants.

32.    To Plaintiff's information and belief, another older partner in his group was also terminated at the same time that Plaintiff was terminated.

33.    Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

34.    Plaintiff's age was a motivating and determinative factor in Defendants' discriminatory treatment of Plaintiff and in the termination of Plaintiff.

35.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

36.    The conduct of Defendants, as set forth above, warrants the imposition of punitive damages against Defendants.

37.    The conduct of Defendants was intentional and willful under the circumstances and warrants the imposition of liquidated damages against Defendants.

## COUNT I - ADEA

38.    Plaintiff incorporates herein by reference paragraphs 1 through 37 above, as if set forth herein in their entirety.

39.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

40.    Said violations were willful and warrant the imposition of liquidated damages.

41.    As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

42.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

43.    No previous application has been made for the relief requested herein.

## COUNT II - NJLAD

44.    Plaintiff incorporates herein by reference paragraphs 1 to 43 above, as if set forth herein in their entirety.

45.    Defendants, by the above-described discriminatory acts, have violated the NJLAD.

46.    As a direct and proximate result of Defendants, Plaintiff has sustained the injuries, damages and losses set forth herein.

47.    Members of upper management of Defendants had actual participation in, or willful indifference to, Defendants' wrongful conduct described herein.

48.     Defendants' conduct warrants the imposition of punitive damages under the NJLAD.

49.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

## <u>RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c)     enjoining and restraining permanently the violations alleged herein;

(d)     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory and unlawful misconduct;

(e)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

(f)     awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

(g)     awarding liquidated damages to Plaintiff under the ADEA;

(h)     awarding punitive damages to Plaintiff under the NJLAD;

(i)     awarding Plaintiff such other damages as are appropriate

under the ADEA and the NJLAD; and,

(j)     granting such other and further relief as this Court deems

appropriate.

**CONSOLE MATTIACCI LAW LLC**

Dated:    09/19/24                    BY:    _____
                                            Caren N. Gurmankin (205900)
                                            110 Marter Avenue, Suite 105
                                            Moorestown, NJ 08057
                                            (856) 854-4000
                                            (856) 854-4006

                                            Attorney for Plaintiff,
                                            Roland Olsen

# Exhibit 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ○ FEPA<br>**X** EEOC | |

| STATE OR LOCAL AGENCY: |
|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Roland Olsen** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS<br>■■■■■■■■ | CITY, STATE AND ZIP<br>Collegeville, PA 19426 | DATE OF BIRTH<br>■■■■■ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**True Talent Advisory, LLC;**<br>**True Capital Partners LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(646) 741-2585 |
|---|---|---|

| STREET ADDRESS<br>56 N. Haddon Avenue, First Floor | CITY, STATE AND ZIP<br>Haddonfield, NJ 08033 | COUNTY<br>Camden |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>○ Race   ○ Color   ○ Sex   ○ Religion    ○ National Origin<br>○ Retaliation   **X** Age   ○ Disability   ○ Other *(Specify)* Pregnancy | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  09/26/2023 |
|---|---|

**The Particulars Are:**

A.     1.        Relevant Work History

I was hired by Respondents' predecessor, Hobbs & Towne, Inc., on or about August 30, 2001.  I became an employee of Respondents when they acquired the predecessor company in or about December 2021.  I last reported to Andy Towne, Partner and Co-Head of the Climate Tech Practice.

Since my start date with Respondents' predecessors, I have worked in the Climate Technology group.  I consistently demonstrated positive performance and dedication to Respondents.  I performed my duties in a competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>_____<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:     1/17/2024              Charging Party *(Signature)*: | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

2.      Harm Summary

I have been discriminated against because of my age.  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  On or about September 26, 2023, Josh Withers, Founder and General Manager, Platform and North America Search Operations, informed me that I was being laid off;

(b)  When I asked Withers why I had been selected for termination, he told me that I was one of the bottom performers based on a survey that Respondents had conducted.  When I asked to see the survey results, Withers told me that he did not know if he could share them, but that he would make a note of my request;

(c)  Withers also told me that I was a "bottom" performer.  He did not give me any details regarding the same;

(d)  When I asked Withers whether there was any other reason for my termination other than the survey that he referenced, he said that there was not;

(e)  Prior to Respondents giving me notice of my termination, no one had discussed with me any concerns regarding my sales performance;

(f)  To my knowledge, my sales performance in 2022 and 2023, as of the time that I was given notice of my termination, exceeded many younger partners who, to my knowledge, were not terminated;

(g)  To my information and belief, my accounts have been transitioned to other, younger partners;

(h)  To my information and belief, another partner and I in the Climate Technology group, were among the oldest in my group and the only two in my group who were terminated;

(i)  To my information and belief, around the time of my termination, a member of the management team encouraged another older partner (in his late sixties) to negotiate a severance package and leave his employment at Respondents;

B.    1.    Respondents' Stated Reasons

Respondents' explanation for terminating my employment is pretextual.

C.    1.    Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq*. ("NJLAD"), as set forth herein.

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/24/2024

**To:** Roland Olsen

██████████████

Collegeville, PA 19426

Charge No: 530-2024-02774

EEOC Representative and phone:

Legal Unit Representative
267-589-9707

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 530-2024-02774.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
06/24/2024

Karen McDonough
Deputy District Director